# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

LIFETIME INDUSTRIES, INC.      )
                                   )
              Plaintiff,    )
                                   )
v.                                   )
                                 )     NO. 3:13CV819
TRIM-LOK, INC.            )
                                 )
             Defendant.   )
                                   )
                                   )
                                   )

## MEMORANDUM OF LAW AND AUTHORITIES IN SUPPORT OF TRIM-LOK'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

**TABLE OF CONTENTS**

I.   INTRODUCTION AND FACTUAL BACKGROUND .....................................................1

II.  THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF FOR DIRECT
     INFRINGEMENT THAT IS PLAUSIBLE ON ITS FACE................................................3

     A.   Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)..................4

     B.   Plaintiff's Vague Reference to the Accused Device Does Not Provide
          Proper Notice ...................................................................................................5

          1. Trim-Lok Does Not Have Sufficient Information to Identify the
             Accused Product ........................................................................................7

          2. Trim-Lok Does Not Know the Scope of Accused Products .............................8

     C.   The '590 Patent Claims a Combination Mobile Living Quarters and Seal,
          but Plaintiff Only Alleges that Defendant Makes Seals ..........................................9

     D.   Leave to Amend the Direct Infringement Claim Will be Futile ............................13

III. THE COMPLAINT FAILS TO STATE A CLAIM FOR ANY INDIRECT
     INFRINGEMENT.....................................................................................................14

     A.   The Cause of Action for Indirect Infringement is Nothing More Than
          Threadbare Recitals of the Cause of Action for Induced and Contributory
          Infringement.................................................................................................16

     B.   Plaintiff Failed to Allege the Scienter Requirement for Induced
          Infringement.................................................................................................19

     C.   Plaintiff Failed to Allege the Scienter and Substantial Non-Infringing Use
          Requirement for Contributory Infringement.........................................................23

IV.  CONCLUSION........................................................................................................25

# TABLE OF AUTHORITIES

## Cases

Aro Manufacturing Co., Inc. v. Convertible Top Replacement Co., Inc.,
  377 U.S. 476, 84 S. Ct. 1526, 12 L. Ed. 2d 457 (1964) ............................................................ 16

Ashcroft v. Iqbal,
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)........................................ 4, 14, 18, 23

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)..................................................... 4, 13

Bender v. LG Electronics U.S.A., Inc.,
  2010 U.S. Dist. LEXIS 33075 (N.D. Cal. Mar. 11, 2010)...................................................... 6, 7

Bethany Pharmacal Co. v. QVC, Inc.,
  241 F.3d 854 (7th Cir. 2001) ................................................................................................... 13

Broadcom Corp. v. Qualcomm Inc.,
  543 F.3d 683 (Fed. Cir. 2008) ................................................................................................. 15

Commil USA, LLC v. Cisco Sys.,
  720 F.3d 1361 (Fed. Cir. 2013) ............................................................................................... 16

DSU Med. Corp. v. JMS Co.,
  471 F.3d 1293 (Fed. Cir. 2006) ................................................................................... 15, 16, 17

Dynacore Holdings Corp. v. U.S. Philips Corp.,
  363 F.3d 1263 (Fed. Cir. 2004) ............................................................................................... 15

Elan Microelectronics Corp. v. Apple, Inc.,
  2009 U.S. Dist. LEXIS 83715 (N.D. Cal. Sept. 14, 2009) ........................................................ 6

Gharb v. Mitsubishi Elec. Automation, Inc.,
  2012 U.S. Dist. LEXIS 76727 (N.D. Ill. June 4, 2012) ........................................................ 9, 10

Global-Tech Appliances, Inc. v. SEB S.A.,
  __ U.S. __, 131 S. Ct. 2060, 179 L. Ed. 2d 1167 (2011).................................................. passim

Illinois Tool Works Inc. v. Elektromanufaktur Zangenstein Hanauer GmbH & Co.,
  2011 U.S. Dist. LEXIS 137985 (E.D. Wis. Nov. 30, 2011).................................................. 6, 7

In re Bill of Lading Transmission,
  681 F.3d 1323 (Fed. Cir. 2012). .................................................................................. 15, 19, 20

In re Papst Licensing GMBH & Co. KG Litigation,
   602 F. Supp. 2d 17 (D. D.C. 2009) ......................................................... 6

K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.,
   714 F.3d 1277 (Fed. Cir. 2013) ............................................................. 5

MGM Studios, Inc. v. Grokster, Ltd.,
   545 U.S. 913, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) ....................... 16

Radiation Stabilization Solutions, Inc. v. Varian Med. Sys.,
   2012 U.S. Dist. LEXIS 122148 (N.D. Ill. Aug. 28, 2012) ............... 8, 16, 19

Superior Industries, LLC v. Thor Global Enterprises,
   700 F.3d 1287 (Fed. Cir. 2012) .............................................................. 6

Vargas-Harrison v. Racine Unified School District,
   272 F.3d 964 (7th Cir. 2001) ................................................................ 13

**Statutes**

35 U.S.C. § 271(b) ..................................................................................... 15

35 U.S.C. § 271(c) ..................................................................................... 15

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.        INTRODUCTION AND FACTUAL BACKGROUND

Trim-Lok, Inc. (hereinafter "Trim-Lok") files this motion to dismiss Lifetime Industries, Inc.'s (hereinafter "LTI") First Amended Complaint (Dkt. No. 15) because the First Amended Complaint, filed in response to Trim-Lok's Motion to Dismiss and/or Motion to Stay the original complaint (Dkt. Nos. 9-12) (hereinafter "Motion to Dismiss the Original Complaint"), fails to cure the defects raised in Trim-Lok's Motion to Dismiss the Original Complaint (Dkt. Nos. 9-12).

On August 12, 2013, LTI filed a complaint (hereinafter "Original Complaint") in this Court against Defendant Trim-Lok for infringement of U.S. Patent No. 6,966,590 (hereinafter "the '590 patent").  [See, Dkt. No. 1.]

The '590 patent claims a mobile living quarters (i.e., a recreational vehicle) having a slide-out room, and a seal having a bulb seal that slidably connects to a mount attached to a wall of the mobile living quarters, to create a seal between the wall of the mobile living quarters and the slide-out room.  [See, Dkt. No. 1 ¶ 9, Exh. A.]   Representative independent claim 1 and Figures 1 and 2 of the '590 patent are reproduced below for the Court's consideration (emphasis added):

1. A resilient **seal used in combination with a mobile living quarters having a slide-out room** defining an interior space,

[a] **said mobile living quarters comprising** a first sidewall having an exterior side, said first sidewall defining an opening through which said slide-out room is shifted between open and closed positions relative the first sidewall, said slide-out room including a second sidewall spaced from said first sidewall and

1

an end wall defining said interior space, said end wall including a peripheral flange overlapping said first sidewall when said slide-out room is in its said closed position,

[b] **said seal comprising** a mounting portion attached to said first sidewall along said opening and a separate bulb portion, said bulb portion slidably connected to said mounting portion for compressible contact with said flange of said exterior wall when said slide-out room is in its said closed position.



FIG. 1



FIG. 2

On November 4, 2013, Trim-Lok filed the Motion to Dismiss the Original Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that (1) LTI had not properly put Trim-Lok

on notice of the accused device for direct infringement, and (2) LTI had not pled the scienter requirement for induced infringement. [See, Dkt. Nos. 9-12.]

On November 20, 2013, in response to Trim-Lok's Motion to Dismiss the Original Complaint, LTI filed a First Amended Complaint for Patent Infringement.  [See, Dkt. No. 15.] Concurrently, LTI filed a response (Dkt. No. 16) to Trim-Lok's Motion to Dismiss the Original Complaint.  In its response, LTI argued that Trim-Lok's Motion to Dismiss the Original Complaint had become moot in light of the First Amended Complaint.  [See, Dkt. No. 16, p. 2.]

Trim-Lok moves this Court again for a dismissal of LTI's First Amended Complaint pursuant to Fed. R. of Civ. P. 12(b)(6) on the grounds that: (1) LTI has not properly put Trim-Lok on notice of the accused device for direct infringement, (2) LTI has not pled the scienter requirement for induced infringement, and (3) LTI's new allegation for contributory infringement fails to properly plead the scienter requirement for contributory infringement and does not provide any support that the accused device does not have any non-infringing uses.

## II.    THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF FOR DIRECT INFRINGEMENT THAT IS PLAUSIBLE ON ITS FACE

LTI's First Amended Complaint fails to meet the notice and facial plausibility requirements because: (1) LTI did not sufficiently identify the accused product to put Trim-Lok on notice of which of its many seal products is/are accused of infringing the '590 patent, and (2) an assertion that a seal alone infringes the '590 patent is facially implausible inasmuch as the claims of the '590 patent require *a combination* "mobile living quarters and seal."  (See, e.g., Claim 1 of the '590 patent.)  This latter point is particularly important because LTI gives the impression that its patent claims only cover a seal; whereas, in fact, they expressly require a

3

mobile living quarters **and** seal.  LTI cannot plead a claim for direct infringement against Trim-Lok because LTI has not accused, and cannot in good faith allege (as evidenced by the First Amended Complaint), that Trim-Lok manufactures, imports, uses, sells, or offers for sale **mobile living quarters**.

### A.      Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

Under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009) (quoting, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007)).  It is not enough for a complaint to plead facts that are merely consistent with a defendant's liability, rather "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

On a motion to dismiss for failure to state a claim, the Court is required to accept all of the factual allegations as true, but it is not required to accept as true a legal conclusion presented as a factual allegation.  Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949-50, 173 L. Ed. 2d at 884, citing Twombly, 550 U.S. at 555, 127 S. Ct. at 1965, 167 L. Ed. 2d at 940 (internal quotes omitted).  In addition, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 556 U.S. at 679, 129 S. Ct. at 1950, 173 L. Ed. 2d at 884, citing, Twombly, 550 U.S. at 555, 127 S. Ct. at 1955, 167 L. Ed. 2d 929.

Proper adherence to the Appendix of Forms accompanying the Federal Rules of Civil

Procedure, such as Form 18 for patent infringement cases, have been deemed to meet applicable pleading standards.   See, K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc., 714 F.3d 1277, 1283 (Fed. Cir. 2013).  But, "Form 18 in no way relaxes the clear principle of Rule 8, that a potential infringer be placed on notice of what activity or device is being accused of infringement."   Id. at 1284.   "The touchstones of an appropriate analysis under Form 18 are notice and facial plausibility."   Id. at 1286.   Furthermore, "[t]he adequacy of the facts pled depends on the breadth and complexity of both the asserted patent and the accused product or system and on the nature of the defendant's business activities."   Id.

**B.     Plaintiff's Vague Reference to the Accused Device Does Not Provide Proper Notice**

LTI's First Amended Complaint (Dkt. No. 15) does not give Trim-Lok proper notice regarding which of its many seal products is/are the subject of this lawsuit.   In K-Tech Telecommunications, Inc., the plaintiff's complaint described the subject matter of its asserted patent, described a regulatory scheme that governed the nature of the defendant's business activity, and referenced defendant's patent that described the methodology at issue.   Id. at 1285. Based on these facts, the court found the plaintiff's complaint to satisfy the pleading standard of Form 18 to put the defendant on notice that the method used by the defendant to provide its services, which was covered by the defendant's patent and governed by the indicated regulatory schemes, was at issue.

Similarly, in Superior Industries, LLC v. Thor Global Enterprises, the court found that plaintiff's complaint satisfied Form 18 because attached to the complaint was a press release that provided model numbers of the accused device, and there were repeated communications between the parties regarding the accused device.   Superior Industries, LLC v. Thor Global

Enterprises, 700 F.3d 1287, 1295 (Fed. Cir. 2012).

In some jurisdictions, including within the Seventh Circuit, courts require ***specific identification of the accused device*** for a complaint to meet the notice standards of Twombly and Iqbal.  See, Illinois Tool Works Inc. v. Elektromanufaktur Zangenstein Hanauer GmbH & Co., 2011 U.S. Dist. LEXIS 137985, *4 (E.D. Wis. Nov. 30, 2011); see also, Elan Microelectronics Corp. v. Apple, Inc., 2009 U.S. Dist. LEXIS 83715, *4-5 (N.D. Cal. Sept. 14, 2009) (dismissing infringement counterclaims that merely identified the accused product as "touch sensitive input devices or touchpads, including but not limited to the Smart-Pad" for failing to "comply with Rule 8, under the standards enunciated in Twombly and Iqbal"), In re Papst Licensing GMBH & Co. KG Litigation, 602 F. Supp. 2d 17, 20 (D. D.C. 2009) (holding that allegations that defendant made, used, sold or offered to sell digital cameras which infringe the patents-in-suit was insufficient because it "fail[ed] to include any facts in support of [the] bald allegation" of infringement), Bender v. LG Electronics U.S.A., Inc., 2010 U.S. Dist. LEXIS 33075, *11-12 (N.D. Cal. Mar. 11, 2010) (finding "without identifying specific products or product parts, [the plaintiff] has not put Defendants on notice as to what products or parts are subject to the infringement claim").

In Illinois Tool Works Inc., the issue before the court was "whether identifying the infringing product as a latching mechanism for washing machines sold to manufacturers such as Whirlpool, who will then sell the washing machine in the United States, is sufficient to state a claim for relief."  Illinois Tool Works Inc., 2011 U.S. Dist. LEXIS at *4.  The court considered the fact the complaint followed the standard in Form 18, but was not persuaded that Form 18 met the standard for Twombly and Iqbal for patent cases:  "this court finds it is difficult to reconcile the guidelines set forth in Twombly and Iqbal with Form 18 as it does not cover all manners of

patent infringement." Id. at *6-7.  Consistent with decisions of other district courts, the court ruled that "the factual allegations in a patent infringement complaint must identify the specific products accused." Id. at *4.  One district court even stated, "[c]ommon sense requires more specific identification of the products in any given product category that are allegedly infringing." Bender, 2010 U.S. Dist. LEXIS at *10.

Here, LTI has conceded that its Original Complaint was deficient because instead of arguing for the complaint's sufficiency, LTI filed a First Amended Complaint (Dkt. No. 15) in response to Trim-Lok's Motion to Dismiss the Original Complaint (Dkt. Nos. 9-12) in an attempt to cure the acknowledged deficiencies.  Unfortunately for LTI, the First Amended Complaint still does not cure each defects discussed in Trim-Lok's Motion to Dismiss the Original Complaint.

## 1. Trim-Lok Does Not Have Sufficient Information to Identify the Accused Product

LTI originally alleged infringement of the '590 patent based on a vague, categorical reference to Trim-Lok's "seal products, including, for example, the **two-part seal** for a slide-out room product."  [See, Dkt. No. 1 ¶ 1.]  Now, LTI adds that "Trim-Lok makes, uses, sells, offers for sale and/or imports a **Two Part Seal** that infringes one or more claims of the '590 patent...." [See, Dkt. No. 15 ¶¶ 11 and 13 (emphasis added).]

By adding capitalizations to the term "Two Part Seal," LTI has tacitly conceded that reference to a "two-part seal for a slide-out room product" in the Original Complaint was too vague to give Trim-Lok notice of which of its many seals is/are at issue.  Unfortunately, adding capitalizations to the term "Two Part Seal" is mere gimmickry, and does not substantively change the vague, categorical reference made in the Original Complaint.

7

It seems that LTI would like this Court to assume that by placing the term "Two Part Seal" in capital letters, it is now a proper noun with reference to a specific Trim-Lok product having this title.  Unlike <u>K-Tech Telecommunication, Inc.</u> and <u>Superior Industries</u>, however, LTI does not provide any supporting documents, such as a catalogue, an advertisement, product packaging, a label, and the like showing that Trim-Lok manufactures or sells a seal titled "Two Part Seal."  Therefore, the term "Two Part Seal" in the First Amended Complaint is just as ambiguous as the "two-part seal" in the Original Complaint.  Without knowing which seals are at issue, Trim-Lok does not have adequate notice of which of its many seal products is/are accused of infringing the '590 patent.

### 2.  Trim-Lok Does Not Know the Scope of Accused Products

Aside from the fact that LTI has failed to sufficiently identify the accused product to put Trim-Lok on notice of which of its many seals is/are the accused product(s), LTI leaves the scope of the accused products open-ended.   In <u>Radiation Stabilization Solutions, Inc.</u>, the complaint alleged that the accused products were "'at least the' Novalis Tx and/or Trilogy systems, and the catch-all 'systems that use IGRT'."   <u>Radiation Stabilization Solutions, Inc. v. Varian Med. Sys.</u>, 2012 U.S. Dist. LEXIS 122148, *4 (N.D. Ill. Aug. 28, 2012).  Even though the plaintiff specifically identified the accused device, the court still granted the motion to dismiss for failure to state a claim concluding, "it is far from obvious from the Complaint that Trilogy and Novalis **are the sole products at issue**, given RSS' continued use of the 'at least' qualifier before every mention of one of the two specific products."  <u>Id.</u> at *6 (emphasis added).

Like <u>Radiation Stabilization Solutions</u>, LTI leaves open-ended what the accused products might be.  In paragraph 1 of the First Amended Complaint, LTI states that a two-part seal is but

an example of the accused devices.  [See, Dkt. No. 15 ¶ 1.]  How is Trim-Lok to know what other devices it needs to review to address LTI's First Amended Complaint?  Therefore, the lack of notice created by LTI's generic reference to a seal is exacerbated by the open-ended reference to other accused devices.

**C.      The '590 Patent Claims a Combination Mobile Living Quarters and Seal, but Plaintiff Only Alleges that Defendant Makes Seals**

The gravity of LTI's failure to identify the specific accused product, and the resultant lack of notice to Trim-Lok, is further exacerbated by the fact that LTI still mischaracterizes the subject matter of its patent; therefore, this Court should not take such allegations of LTI's First Amended Complaint as true.

In its First Amended Complaint, LTI alleges that Trim-Lok has directly infringed the '590 patent, but LTI never alleges that Trim-Lok manufactures, imports, uses, sells, or offers to sell mobile living quarters, which is a required element of each of the claims of the '590 patent. By failing to accurately allege the proper scope and subject matter of its patent claims, LTI has failed to state a plausible claim for direct infringement.

If a plaintiff's patent covers a system and the accused product is merely a single component of that system, the plaintiff cannot alleged sufficient facts to withstand a motion to dismiss.  See, Gharb v. Mitsubishi Elec. Automation, Inc., 2012 U.S. Dist. LEXIS 76727 (N.D. Ill. June 4, 2012).  In Gharb, the plaintiff was the owner of a patent for security systems with a mobile telephone.  Id. at *1.  The plaintiff alleged that the defendant's ALPHA Family security systems devices fell within the scope of the asserted patent because the defendant's programmable logic controllers infringed the security systems.  Id. at *2-3.

The defendant argued that the accused device identified by the plaintiff was not a security system, but rather a programmable logic controller.  Id. at *6.  The plaintiff responded that the identified products demonstrated the plausibility of infringement and that additional documents attached to his reply brief (although technically improper) showed how the accused programmable logic controller was used for security systems. Id. at *6.

The court, recognizing it did not have to consider the exhibits attached to the reply brief, considered the exhibits anyway, and still found that the plaintiff failed to state a claim for direct infringement **because the accused programmable logic controller was merely a component of a security system and not the security system** called for by the patent-in-suit.  Id. at *8-9. This decision was premised on the court's determination at the pleading stage that the asserted patent claimed a security system having five programmable logic controllers; therefore, a single programmable logic controller could only be a part of the claimed invention and not the whole claimed invention.  Id. at *8.  The court concluded that "the patent is clear on its face:  claim 1 encompasses much more than just PLCs [programmable logic controllers]."  Id.

Here, in the First Amended Complaint, the '590 patent is clear on its face that the claims require a mobile living quarters.  [See, Dkt. No. 15 ¶ 9, Exh. A.]  That the '590 patent requires a mobile living quarters is supported by the claim language itself.  Claim 1 of the '590 patent is reproduced below for the Court's consideration.

    1.  A resilient **seal used in combination with a mobile living quarters having a slide-out room** defining an interior space,

    [a] **said mobile living quarters comprising** a first sidewall having an exterior side, said first sidewall defining an opening through which said slide-out room is shifted between open and closed positions relative the first sidewall, said

slide-out room including a second sidewall spaced from said first sidewall and an end wall defining said interior space, said end wall including a peripheral flange overlapping said first sidewall when said slide-out room is in its said closed position,

[b] **<u>said seal comprising</u>** a mounting portion attached to said first sidewall along said opening and a separate bulb portion, said bulb portion slidably connected to said mounting portion for compressible contact with said flange of said exterior wall when said slide-out room is in its said closed position.

[<u>See</u>, Dkt. No. 15 ¶ 9, Exh. A (emphasis added).]

Without the need for claim construction, the '590 patent is clear on its face that it claims a combination of a mobile living quarters **<u>and</u>** a seal.  First, the preamble of independent claim 1 states the invention is a seal used **<u>in combination with</u>** a mobile living quarters.

Second, the body of the claim goes into great detail regarding the specific configuration of the claimed mobile living quarters.   One section of the body of the claim is devoted exclusively to characterizing the mobile living quarters.  Another section of the body of the claim is devoted to characterizing the seal and how it cooperates with the claimed living quarters.

Third, the preambles of the dependent claims do not recite a seal, but rather, the combination seal **<u>and</u>** mobile living quarters:

2.  The seal **<u>and</u>** mobile living quarters of claim 1….

3.  The seal **<u>and</u>** mobile living quarters of claim 1….

4. The seal **<u>and</u>** mobile living quarters of claim 3….

5. The seal **<u>and</u>** mobile living quarters of claim 4….

[<u>See</u>, Dkt. No. 15 ¶ 9, Exh. A (emphasis added).]

In other words, the dependent claims confirm the fact that claim 1 requires both the seal **and** mobile living quarters.

Even though the claimed subject matter of the '590 patent requires a mobile living quarters and a seal, LTI, in the First Amended Complaint fails to make any allegations that Trim-Lok manufactures, imports, uses, sells, or offers for sale mobile living quarters.  In paragraph 1 of the First Amended Complaint, LTI alleges that Trim-Lok makes, uses imports, sells and offers for sale **a seal product**, but does not assert that Trim-Lok makes, uses, imports, sells, or offers for sale a mobile living quarters of any sort.  [See, Dkt. No. 15 ¶ 1.]

In paragraph 3 of the First Amended Complaint, LTI identifies Trim-Lok as the defendant, but fails to state the nature of Trim-Lok's business.  [See, Dkt. No. 15 ¶ 3.]  In paragraph 11, LTI alleges that "[t]hese Two Part Seals include a mounting portion and a separate bulb portion that is slidably connected to the mounting portion," but again fails to make mention of any mobile living quarters.  [See, Dkt. No. 15 ¶ 11.]

There is nothing in the First Amended Complaint from which the Court can reasonably infer, even taking all of the allegations as true, that Trim-Lok makes, uses, imports, offers to sell, or sells mobile living quarters.  As such, LTI has not pled sufficient factual matters that, if true, states a claim for direct patent infringement.  Accordingly, LTI's direct infringement claim still fails to state a plausible claim for relief and should be dismissed.

This very same defect was pointed out in Trim-Lok's original Motion to Dismiss.  [See, Dkt. No. 12, pp. 8-11.]  LTI had an opportunity to correct this defect, but failed to do so, in effect conceding that Trim-Lok is not in the business of manufacturing, using, selling, offering for sale, or importing mobile living quarters.  Therefore, Trim-Lok cannot be liable for direct infringement of the '590 patent.

**D.     Leave to Amend the Direct Infringement Claim Will be Futile**

The direct infringement portion of LTI's complaint should be dismissed (*without leave to amend*) because, as evidenced by the First Amended Complaint, this cause of action cannot be saved by amendment.  "Although leave to amend a complaint should be freely granted when justice so requires, see Fed. R. Civ. P. 15(a), the district court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile."  Bethany Pharmacal Co. v. QVC, Inc., 241 F.3d 854, 860-61 (7th Cir. 2001).  "A new claim is futile if it would not withstand a motion to dismiss." Vargas-Harrison v. Racine Unified School District, 272 F.3d 964, 974 (7th Cir. 2001).

Here, LTI had an opportunity to cure all defects raised in the Motion to Dismiss the Original Complaint (Dkt. Nos. 9-12).  Trim-Lok described in detail that the proper subject matter of the '590 patent is a mobile living quarters and a seal.  [See, Dkt. No. 12, pp. 8-11.]  LTI did not dispute this in its Response to Trim-Lok's Motion to Dismiss and/or Motion to Stay.  [See, Dkt. No. 16.]  LTI, instead, filed the First Amended Complaint, but still chose not to allege that Trim-Lok is in the business of making, using, selling, offering for sale, or importing mobile living quarters.  This deliberate choice is evidence that LTI cannot make such an assertion in good faith.

Therefore, in order to save a second amended complaint from subsequent dismissal, LTI would have to make at least one inaccurate allegation, either (1) the '590 patent covers seals only, or (2) Trim-Lok is in the RV business.  The inaccuracy of either allegation would be quickly revealed during discovery.  The Supreme Court has expressed its disfavor of plaintiffs making groundless allegations and leaving it to the discovery process to be proven false.  See, Twombly, 550 U.S. at 559, 127 S. Ct. at 1967. 167 L. Ed. 3d at 942 ("It is no answer to say that a

13

claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management,'…").  Accordingly, LTI should be denied leave to amend should the Court dismiss the direct infringement portion of the First Amended Complaint.

### III.     THE COMPLAINT FAILS TO STATE A CLAIM FOR ANY INDIRECT INFRINGEMENT

LTI has essentially conceded that its Original Complaint failed to sufficiently plead a claim for induced infringement by filing the First Amended Complaint (see, Dkt. No. 15 ¶¶ 14-41) in an attempt to correct the deficiencies identified in Trim-Lok's Motion to Dismiss the Original Complaint.  [See, Dkt. No. 12, pp. 12-16.]  Unfortunately for LTI, rather than supplying additional facts required for any type of indirect infringement, LTI has merely padded its First Amended Complaint with conclusory remarks that amount to nothing more than threadbare recitals of the elements of induced and contributory infringement, which the Supreme Court indicated was inappropriate.  See, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949, 173 L. Ed. 2d at 884.

There are two types of indirect patent infringement, induced infringement and contributory infringement:

(b) Whoever actively induces infringement of a patent shall be liable as an infringer.

(c) Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented

process, constituting a material part of the invention, knowing the same to be

especially made or especially adapted for use in an infringement of such

patent, and not a staple article or commodity of commerce suitable for

substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271(b) and (c).

The standards of Twombly and Iqbal apply to both indirect infringement claims.  In re Bill of Lading Transmission, 681 F.3d 1323, 1336-37 (Fed. Cir. 2012).  To prove any indirect infringement, direct infringement must first be shown[1]:  "the patentee always has the burden to show direct infringement for each instance of indirect infringement."  DSU Med. Corp. v. JMS Co., 471 F.3d 1293, 1303 (Fed. Cir. 2006) (citing Dynacore Holdings Corp. v. U.S. Philips Corp., 363 F.3d 1263, 1272 (Fed. Cir. 2004)); Broadcom Corp. v. Qualcomm Inc., 543 F.3d 683, 697-98 (Fed. Cir. 2008).

For induced infringement, actively inducing requires that the inducer had a **specific intent to encourage infringement**.  Global-Tech Appliances, Inc. v. SEB S.A., __ U.S. __, 131 S. Ct. 2060, 2068, 179 L. Ed. 2d 1167, 1177 (2011) ("we now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement"); Broadcom Corp. v. Qualcomm Inc., 543 F.3d 683, 697-98 (Fed. Cir. 2008).  "[I]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities."  DSU Med., 471 F.3d at 1306 (citing MGM Studios, Inc. v. Grokster, Ltd., 545 U.S. 913, 936-37, 125 S. Ct. 2764, 162

---

[1] As noted above, LTI has not even identified a single accused product.

L. Ed. 2d 781 (2005))[2].

"An inducement claim requires a factual showing that the allegedly inducing party takes 'affirmative steps…to foster inducement.'"  Radiation Stabilization Solutions, 2012 U.S. Dist. LEXIS at *5-6 (citing, DSU Medical Corp. v. JMS Co., 471 F.3d 1293, 1306 (Fed. Cir. 2006)). Although a factual showing is required, the factual showing may be provided by circumstantial evidence.  Id.

For contributory infringement, knowledge that an accused product be especially made or especially adapted for use in an infringement requires that the party contributing to infringement knows of the patent and that the product or activity at issue infringes.  Global-Tech Appliances, Inc. v. SEB S.A., 131 S. Ct. at 2068, 179 L. Ed. 2d at 1177, Aro Manufacturing Co., Inc. v. Convertible Top Replacement Co., Inc., 377 U.S. 476, 488, 84 S. Ct. 1526, 1533, 12 L. Ed. 2d 457, 469 (1964) ("a majority of the Court is of the view that § 271(c) does require a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing").

A.    The Cause of Action for Indirect Infringement is Nothing More Than Threadbare Recitals of the Cause of Action for Induced and Contributory Infringement

First, Count 2 is indefinite and ambiguous.  It appears to be a combination of induced and contributory infringement rather than a separate and distinct cause of action of its own.  When 35 U.S.C. § 271 was enacted, induced infringement (35 U.S.C. § 271(b)) and contributory

---

[2] DSU Med. Corp. v. JMS Co., 471 F.3d 1293, 1303 (Fed. Cir. 2006) was overruled in part by Commil USA, LLC v. Cisco Sys., 720 F.3d 1361 (Fed. Cir. 2013) only to the extent that DSU Med. Corp. may suggest that finding of induced infringement based on recklessness or negligence was sufficient.  Commil USA, LLC v. Cisco Sys., 720 F.3d at 1366.

infringement (35 U.S.C. § 271(c)) were separated as types of indirect infringement. <u>Global-Tech Appliances, Inc.</u>, 131 S. Ct. at 2067, 179 L. Ed. 2d at 1176. LTI appears to be alleging some form of generic indirect infringement with elements of induced infringement and elements of contributory infringement. For this reason alone Count 2 should be dismissed as being redundant of Count 3 alleging induced infringement, and 4 alleging contributory infringement.

In addition, Count 2 should be dismissed for reciting legal conclusions couched as facts. For example, in paragraph 15, LTI merely states "Trim-Lok indirectly infringes and indirectly infringes by doctrine of equivalents." [<u>See</u>, Dkt. No. 15 ¶ 15.] This is a legal conclusion. There are no factual allegations here whatsoever.

In paragraph 16, LTI states "Trim-Lok has taken active steps to induce an underlying direct infringement and has done so with specific intent." [<u>See</u>, Dkt. No. 15 ¶ 16.] This statement does nothing more than parrot 35 U.S.C. § 271(b). In addition, terms such as "induce" and "specific intent" are merely legal conclusions not facts. LTI does not provide any facts from which the Court can even infer inducement or specific intent.

In paragraph 17, LTI states "Trim-Lok has induced at least Forest River Inc. ("Forest River") to incorporate the Two Part Seal in its Recreational Vehicles…." [<u>See</u>, Dkt. No. 15 ¶ 17.] This allegation does not amount to an intent to infringe. At most, assuming the statement to be true, this is nothing more than the assertion that the alleged inducer has knowledge of the alleged direct infringer's activities. Having knowledge of the alleged direct infringer's activities, however, is not enough to show intent to induce infringement. <u>DSU Medical Corp.</u>, 471 F.3d at 1306 ("inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities").

In paragraph 18 of the First Amended Complaint, LTI switches gears to contributory

infringement and alleges without any factual support that the "Two Part Seal" is especially adapted for infringement of the '590 patent. [See, Dkt. No. 15 ¶ 18.] Again, this does nothing more than parrot 35 U.S.C. § 271(c): "knowing the same to be especially made or especially adapted for use in an infringement of such patent…." Since LTI has not even shown what the "Two Part Seal" looks like, or how it is to be used, there are no facts alleged from which the Court can infer that the "Two Part Seal" has been especially adapted for use with RV's as opposed to any sliding door, wall, or window.

Paragraph 18 continues by stating: "The Two Part Seal is not a staple article or commodity of commerce suitable for substantial non-infringing use…." [See, Dkt. No. 15 ¶ 18.] This statement continues to parrot 35 U.S.C. 271(c): "not a staple article or commodity of commerce suitable for substantial noninfringing use…." But again, LTI has not provided any factual allegations from which such legal conclusions can be inferred.

In paragraph 19, LTI states that the "Two Part Seal" has no non-infringing uses; the Two Part Seal is only suitable for use to seal slide out rooms of RVs." [See, Dkt. No. 15 ¶ 19.] This merely restates paragraph 18 and, therefore, suffers the same problems as paragraph 18. LTI does not provide any factual information regarding the "Two Part Seal" from which the Court can infer the legal conclusions asserted by LTI.

Therefore, as shown by comparing the allegations in Count 2 with 35 U.S.C. § 271(b) and (c), LTI has done nothing more than state legal conclusions and recite elements of the claims for induced and contributory infringement without any factual support. This is the type of threadbare recitals of causes of action that the Supreme Court prohibited. See, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949, 173 L. Ed. 2d at 884.

**B.      Plaintiff Failed to Allege the Scienter Requirement for Induced Infringement**

In Count 3, LTI failed to allege anything that satisfies the scienter requirement for induced infringement.  Specifically, LTI failed to allege any facts from which the Court can reasonably infer that Trim-Lok had knowledge that any of its products were accused of allegedly infringing the '590 patent, and yet despite that knowledge, Trim-Lok continued to encourage customers to use those products in the allegedly infringing manner.  Rather, LTI does nothing more than pad its pleadings with conclusory remarks and overruled legal propositions.

In order to properly plead the scienter requirement for induced infringement, the plaintiff must demonstrate that the defendant knew that a particular activity constituted infringement, and yet, engaged in conduct to promote such activity.  See, In re Bill of Lading Transmission, 681 F.3d at 1341-1346, Radiation Stabilization Solutions, 2012 U.S. Dist. LEXIS at *10 ("RSS improperly relies solely on the conclusory allegation that each Defendant 'had specific intent' to infringe with no facts, even contextual facts, to support that allegation").

In Radiation Stabilization Solutions, the court dismissed the induced infringement allegation because the plaintiff merely made conclusory allegations that the defendant had "specific intent" to infringe.  Radiation Stabilization Solutions, 2012 U.S. Dist. LEXIS at *10. The plaintiff subsequently amended its complaint and showed advertisements of the defendant that described the allegedly infringing use in light of knowledge of the alleged infringement, which the court found sufficient to withstand a second motion to dismiss. Radiation Stabilization Solutions LLC v. Varian Medical Systems, Inc., 2012 U.S. Dist. LEXIS 171624, *6-7.

In In re Bill of Lading Transmission, the Federal Circuit, in an en banc portion of the decision, assessed amended complaints against six defendants to determine if sufficient scienter was pled to withstand motions to dismiss.  In re Bill of Lading Transmission, 681 F.3d at 1341-

1346. The original complaints had each been dismissed for failure to state a claim. Id. at 1330. The plaintiff filed amended complaints over 100 pages in length against each of the defendants with **detailed factual allegations and attached exhibits**. Id.

In each of the amended complaints, the intent element was deemed to have been pled sufficiently because the plaintiff was able to show that each defendant made public statements or had publicly available advertisements that touted features of their respective product that allegedly infringed the patent at issue and these statements and advertisements were made after evidence of the defendants' knowledge of the alleged infringing activity as demonstrated by a cease and desist letter or the filing of an original complaint. Id. at 1341-1346.

In the Motion to Dismiss the Original Complaint, Trim-Lok pointed out the fact that LTI failed to show any proof to substantiate the claim that Trim-Lok sold any accused products after receiving the July 12, 2013[3] cease and desist letter; and therefore, failed to show the scienter requirement for induced infringement.   [See, Dkt. No. 12, pp. 15-16.]   Unlike Radiation Stabilization Solutions and In re Bill of Lading Transmission, in which those plaintiffs' amended complaints contained current advertisements of defendants' products as evidence of specific intent, LTI's amended complaint still does not provide any such evidence, but rather continues to rely on conclusory allegations of specific intent without any factual support.

For example, in paragraph 21 of the First Amended Complaint, LTI states "Trim-Lok has demonstrated specific intent to induce infringement of the '590 patent through contacts with Forest River and/or RV manufacturers."   [See, Dkt. 15 ¶ 21.]   Simply contacting RV manufacturers does not amount to a specific intent to induce infringement.

---

[3] Note, in the Original Complaint the cease and desist letter was referred to as having been sent on July 15, 2013.

In paragraph 22 of the First Amended Complaint, LTI states "Trim-Lok, in particular has demonstrated its influence over Forest River." [See, Dkt. 15 ¶ 22.]  What does this mean?  How has Trim-Lok influenced any of Forest River's activities?  Where are the documents from which the Court can infer that Forest River has any relationship with Trim-Lok or that Trim-Lok controls Fore River?  Regardless, how does this establish any intent to infringe the '590 patent?

In paragraph 23 of the First Amended Complaint, LTI states that "Trim-Lok intends that which is the natural and probable consequences of its acts, namely to incorporate and encourage the integration of Trim-Lok's Two Part Seal into products produced by RV manufacturers…." [See, Dkt. No. 15 ¶ 23.]   This statement reflects LTI's misunderstanding of the intent requirement for induced infringement.  Intending the natural and probable consequences of an act does not amount to intending infringement.  This was the exact issue the Supreme Court wrestled with and decided that an actual intent to infringe was required for induced infringement. Global-Tech Appliances, Inc., 131 S. Ct. at 2068, 179 L. Ed. 2d at 1177.

In Global-Tech Appliances, the Supreme Court posed two possible interpretations for the intent requirement for induced infringement:

> In referring to a party that "induces infringement," this provision may require merely that the **inducer lead another to engage in conduct that happens to amount to infringement**, i.e., the making, using, offering to sell, selling, or importing of a patented invention. See § 271(a).  On the other hand, the reference to a party that "induces infringement" may also be read to mean that the **inducer must persuade another to engage in conduct that the inducer knows is infringement**.  Both readings are possible.

Global-Tech Appliances, Inc., 131 S. Ct. at 2065, 179 L. Ed. 2d at 1174.

Although the Court acknowledged that both interpretations were possible for the intent requirement, the ultimate holding was that the latter interpretation was correct in which (1) the inducer must know that the accused activity would be considered infringing and (2) the inducer still persuaded another to engage in such activity.  Id. at 2068.  LTI has failed to offer any factual evidence upon which the Court can infer that at the time of any alleged contact with any RV manufacturer, Trim-Lok knew that such activities would be considered an infringement of the '590 patent.

Paragraph 24 only alleges that a direct infringement occurred by using the "Two Part Seal" on RVs.  [See, Dkt. No. 15 ¶ 24.]  Paragraph 25 alleges that RV manufacturers knew of the direct infringement.  [See, Dkt. No. 15 ¶ 25.]

Paragraph 26 merely alleges a legal conclusion that Trim-Lok had a specific intent to infringe the '590 patent by encouraging sales of RVs having the "Two Part Seal."  [See, Dkt. No. 15, ¶ 26.]  But, LTI has not provided any evidence that Trim-Lok knew that any of its seals would be accused of infringement.

Paragraph 27 again does nothing more than allege that Trim-Lok's seals were used on RV's.  [See, Dkt. No. 15 ¶ 27.]  This has no bearing on the intent element.

Paragraphs 28 and 29 simply state that direct infringement is a requirement for induced infringement, which is merely a statement of the law.  [See, Dkt. No. 15 ¶¶ 28-29.]

Paragraph 30 is merely a syllogism that draws an improper conclusion of when allegedly infringing products were made, used, or offered for sale.  Paragraph 30 states that:

> [b]ecause Ed Ksiezopolski was able to obtain the Two Part Seal and because
>
> Ed Ksiezopolski was told such products were offered for sale to RV
>
> manufacturers, including Forest River, infringing products have therefore

been made, used, and offered for sale as of the date of this complaint.

[See, Dkt. No. 15 ¶ 30.]

LTI offers absolutely no indication of the timing of when Mr. Ksiezopolski obtained the "Two Part Seal," or when such products were offered for sale to RV manufacturers, or whether such products continue to be sold to RV manufacturers.  Without any indication of the timing of any of these alleged facts, the conclusion that the accused products were sold as of the date of the First Amended Complaint does not follow.  This is merely an assumption and not an inference from the facts alleged.  Furthermore, those allegations still have no bearing on Trim-Lok's knowledge of whether or not any of its seals infringe the '590 patent.

In paragraph 31, LTI references a letter received by Trim-Lok regarding the '590 patent indicating that Trim-Lok "knew about the '590 patent…."  [See, Dkt. No. 15 ¶ 31].  Knowledge of a patent does not speak to any intent to infringe the patent.  Induced infringement "requires knowledge that the induced acts constitute patent infringement."  Global-Tech Appliances, Inc., 131 S. Ct. at 2068, 179 L. Ed. 2d at 1177.

Again, LTI's complaint contains nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which the Supreme Court stated was insufficient to meet the standards of Rule 8.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949, 173 L.Ed.2d at 884.  In addition, LTI is unable to allege any facts from which the Court can infer that Trim-Lok intended infringement of the '590 patent.


C.     **Plaintiff Failed to Allege the Scienter and Substantial Non-Infringing Use Requirement for Contributory Infringement**

Contributory infringement also requires the same scienter requirement as induced

infringement.  Global-Tech Appliances, Inc., 131 S. Ct. at 2068, 179 L. Ed. 2d at 1177.  Count 4 of the First Amended Complaint alleging contributory infringement does not add any facts to cure the scienter requirement, but rather only recites the elements of contributory infringement.

For example, paragraph 36 merely alleges that Trim-Lok makes and offers for sale the "Two Part Seal."  [See, Dkt. No. 15 ¶ 36.]

Paragraph 37 simply recites that the "Two Part Seal" does not have any substantial non-infringing uses except in combination with an RV.  [See, Dkt. No. 15 ¶ 37.]  As discussed above, this is nothing more than the threadbare recital of one of the elements for contributory infringement.  LTI does not provide any facts to support this conclusory statement.  For example, LTI has not provided a picture, photograph, advertisement, product description, instruction manual, user's guide, or the like of the "Two Part Seal" to determine whether it can be used in a non-infringing manner.

Paragraph 38 alleges that Trim-Lok had knowledge of the non-staple nature of the "Two Part Seal."  [See, Dkt. No. 15 ¶ 38.]  This is merely a conclusory allegation and pure speculation.  Without any supporting documents, how can LTI possibly infer what knowledge Trim-Lok possesses?

Paragraph 39 states that Trim-Lok offered the "Two Part Seal" for sale.  [See, Dkt. No. 15 ¶ 39.]  The Court cannot infer intent to infringe based on sale of an accused product alone.  Paragraphs 40 and 41 do not address the scienter requirement.  [See, Dkt. No. 15 ¶¶ 40-41.]

Therefore, there are no facts from which the Court can reasonably infer that Trim-Lok intended any infringement of the '590 patent or that the "Two Part Seal" does not have any non-infringing uses.

## IV.    CONCLUSION

Since LTI has not asserted any facts from which the Court can reasonably infer direct infringement, and since LTI has not presented any facts from which the Court can infer Trim-Lok's specific intent to induce or contribute to the infringement of the '590 patent, LTI has failed to state a claim for any patent infringement that is plausible on its face.  Accordingly, having established that the First Amended Complaint is facially implausible, the motion to dismiss under Rule 12(b)(6) should be granted.


                                          Respectfully submitted,

                                          CISLO & THOMAS LLP


Dated: December 4, 2013              By:   /s/ Daniel M. Cislo_____
                                           Daniel M. Cislo, Esq. No.125, 378
                                           C. Wook Pak, Esq. No. 244,780
                                           1333 2nd Street, Suite 500
                                           Santa Monica, CA 90401
                                           Telephone (310) 451-0647
                                           Fax: 310.394.4477
                                           *Attorneys for Defendant, TRIM-LOK, INC.*

### CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2013, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Central District of California, using the electronic case filing system of the court. The electronic case filing system sent a Notice of Electronic Filing to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means:

Michael D. Marston
Botkin & Hall, LLP
Suite 400, Jefferson Centre
106 East Jefferson Blvd.
South Bend, IN 46601-1913
Phone: (574) 234-3900
Facsimile: (574) 236-2839
E-mail mmarston@bhlawyers.net

Mark D. Boveri
Boveri Murphy Rice, LLP
Suite 400 Plaza Building
210 S. Michigan Street
South Bend, IN 46601
Telephone: (574) 232-0300
E-mail: mboveri@bmrllp.com
Attorney for Lifetime Industries, Inc.

/s/Kaelie Baer
Kaelie Baer