**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| LIFETIME INDUSTRIES, INC. | ) | |
| 53208 Columbia Drive | ) | |
| Elkhart, Indiana 46514 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:13-cv-819 |
| | ) | |
| TRIM –LOK, Inc. | ) | |
| 6855 Hermosa Circle | ) | **JURY TRIAL DEMAND** |
| Buena Park, CA 90622 | ) | |
| | ) | |
| Defendant. | ) | |

**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Lifetime Industries, Inc. ("LTI"), by and through the undersigned counsel, files this Second Amended Complaint for patent infringement against, Trim-Lok, Inc. (the "Defendant"), and hereby alleges as follows:

**NATURE OF THE ACTION**

1.      This is a civil action for patent infringement. Plaintiff's claims are based on the unauthorized, infringing manufacture, use, sale and offer for sale by Defendant of seal products including, for example, the two-part seal for a slide-out room product.

**THE PARTIES**

2.      LTI ("Plaintiff") is a corporation organized and existing under the laws of the State of Minnesota having a principal place of business at 53208 Columbia Drive, Elkhart, Indiana 46514.

3.      Defendant is a corporation organized and existing under the laws of the State of California having a principal place of business at 6855 Hermosa Circle, Buena Park, CA 90622.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement of United States Patent No. 6,966,590 ("the '590 patent") arising under the provisions of the Patent Laws of the United States, 35 U.S.C. §§ 271, 281 and 283-285.  Plaintiff owns the '590 patent and holds rights to sue and recover damages for infringement thereof, including past infringement.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Defendant makes, offers for sale and sells infringing products which are the subject of the patent infringement cause of action set forth herein.

6.      Defendant has made, offered for sale and sold infringing products within this judicial district.

7.      This Court has personal jurisdiction over Defendant.  Defendant does and has done substantial business in this District by placing its products, including those that infringe Plaintiff's patent, into the stream of commerce.  Plaintiff has committed and continues to commit acts of patent infringement in this district.

8.      Venue is proper in this Court pursuant to 28 U.S.C. §§1391 and 1400(b) because Defendant is subject to personal jurisdiction in this district and has committed and continues to commit acts of patent infringement that give rise to the claims alleged within this district.

## PATENT-IN-SUIT

9.      On November 22, 2005, the United States Patent and Trademark Office duly and legally issued the '590 patent, titled "Two-Part Seal for a Slide-Out Room".  A true and correct copy of the '590 patent is attached to this complaint as Exhibit A.

10.     Plaintiff is the owner of all right, title and interest in and to the '590 patent, including the right to sue for and recover all past, present and future damages for infringement of the '590 patent.

11.     All maintenance fees for the '590 patent which have come due have been paid and

2

the patent has not expired.

12.     Forest River ("Forest River") manufactures and sells recreational vehicles and mobile living quarters (each an "RV") from its facilities in Elkhart County, Indiana. A nationwide network of distributors and resellers offer RVs manufactured by Forest River for sale to the general public.

13.     Plaintiff currently produces, sells, and distributes two-part seals covered by the '590 patent under the name EK-Seal and KE-Seal (collectively, "LTI Seals"). The LTI Seals include a mounting portion and a separate bulb portion that is slidably connected to the mounting portion. LTI Seals as covered by the '590 patent are shown in Exhibit B.

14.     Defendant makes, uses, sells, and offers for sale a two part seal ("Accused Product") that infringes one or more claims of the '590 patent under United States law. The Accused Product is shown in Exhibit B.

15.     In or around June 2013, Defendant's employees or representatives or agents assisted with the installation, directed the installation, or directly installed the Accused Product on an RV at Forest River for use with a slide-out room.

16.     Ed Ksiezopolski, a representative of Plaintiff, discovered the Accused Product upon a visit to Forest River at its Elkhart, IN manufacturing plant in June 2013. The Accused Product was installed on an RV manufactured by Forest River. Plaintiff learned at that time that Defendant was offering for sale the Accused Product specifically for installation and use on a slide-out opening on an RV. The Accused Product was mounted adjacent to the opening for the slide-out room on the Forest River RV.

17.     Andrew Busch ("Busch"), an engineer employed by LTI, left LTI on or around March 1, 2013. Busch had knowledge of the '590 patent and products covered thereby. Busch participated in the design of the LTI Seals while employed by LTI. Within one month of leaving LTI, Busch began employment at Defendant. Defendant had notice of the '590 patent at the time

3

Busch began employment at Defendant.  Busch was employed by Defendant before June, 2013 and continues to be employed by Defendant.

18.     Daryl Torrey ("Torrey"), an engineer employed by LTI, left LTI on or around May 3, 2013.  Torrey had knowledge of the '590 patent and the products covered thereby.  Torrey participated in the design of the manufacturing equipment and tooling for LTI products covered by the '590 patent while employed at LTI.  Within one month of leaving LTI, Torrey began employment at Defendant.  Torrey was employed by Defendant before June, 2013 and continues to be employed by Defendant.

19.     Trim-Lok has gained knowledge of LTI's '590 patent from at least one former LTI employee before June, 2013.

20.     Defendant has sold or offered for sale the Accused Product to at least one manufacturer, Forest River, who manufactures RVs with slide-out rooms.  Defendant has acknowledged that it has actively offered the Accused Product for sale and use with RV slide-out rooms.

21.     A cease and desist letter was sent to Dan Whitener, the marketing manager of Defendant, on July 12, 2013.  As least as early as the receipt of that letter, Defendant had knowledge of the '590 patent and Plaintiff's accusation of infringement.  Defendant has acknowledged receipt of this letter.  The cease and desist letter (Exhibit C) specifically referenced the '590 patent and Accused Product.

22.     Defendant continued to make, offer for sale and sell the Accused Product after receiving the cease and desist letter.

23.     Defendant has not offered to buy or license the '590 patent from LTI.

24.     Defendant has offered the Accused Product for sale to RV manufacturers, specifically for use with slide-out rooms.

4

## COUNT 1: INFRINGEMENT OF THE '590 PATENT

25.     Paragraphs 1 through 24 of Plaintiff's complaint are incorporated into Count 1 of Plaintiff's Complaint as if fully set forth herein.

26.     Defendant, without authorization by Plaintiff, has directly infringed and continues to infringe at least one claim of the '590 patent in violation of 35 U.S.C. §271(a), literally or by doctrine of equivalents by making, using, offering for sale and selling the Accused Product on RVs, or by combining the Accused Product with RVs having slide out rooms in the United States.

27.     Claim 1 of the '590 patent covers a resilient seal used in combination with mobile living quarters, which includes RVs. An RV according to Claim 1 has a slide-out room defining an interior space, and having a first sidewall having an exterior side with an opening through the first sidewall in which the slide-out room is shifted between open and closed positions. The slide-out room includes a second sidewall spaced from the first sidewall and an end wall defining interior space within the slide-out room. The slide out room includes a peripheral flange that overlaps the first sidewall when the slide-out room is in its closed position. The seal according to Claim 1 has a mounting portion attached to the first sidewall along the opening and a separate bulb portion. The bulb portion is slidably connected to the mounting portion for compressible contact with the flange of the exterior wall when the slide-out room is in its closed position. The Accused Product is manufactured for use with an RV with a slide-out room and was found to be installed by persons other than LTI on a Forest River RV with in combination with a slide-out room. The Accused Product has a mounting portion (Ex. B, Mounting Portion), which was attached to the first sidewall. The Accused Product further contains a separate bulb portion (Ex. B, Bulb Portion) that is slidably connected to the mounting portion (Ex. B, Mounting Portion). As installed on the RV at Forest River, the bulb portion has compressible contact with the flange of the exterior wall. The Accused Product contains each and every element of Claim 1, and therefore infringe Claim 1.

5

28.     Claim 2 of the '590 patent depends from Claim 1 and further specifies a tongue and groove connection between the bulb and mounting portion.  The Accused Product utilizes a tongue and groove design to connect the bulb portion to the mounting portion (EX. B, Page 2).  The Accused Product contains each and every element of Claim 2, and therefore infringe Claim 2.

29.     Claim 3 of the '590 patent depends from Claim 1 and further specifies a wiper portion to slide along the side wall of the slide-out room.  The Accused Product includes a wiper portion (Ex. B, Wiper Portion).  The Accused Product contains each and every element of Claim 3, and therefore infringes Claim 3.

30.     Claim 4 of the '590 patent depends from Claim 3 and further specifies a fastener through the mounting portion for attaching the mounting portion to the first sidewall, and an adhesive between the mounting portion and the first sidewall, and the fastener is covered by the bulb portion.  The Accused Product includes an adhesive (Ex. B, Adhesive) and was attached to the first sidewall of the RV manufactured by Forest River using fasteners.  The Accused Product contains each and every element of Claim 4, and therefore infringe Claim 4.

31.     Claim 5 of the '590 patent depends from Claim 4 and further specifies the mounting portion is attached to the exterior side of the first sidewall.  As installed on the RV manufactured by Forest River, the mounting portion is installed on the exterior side of the first sidewall.  The Accused Product contains each and every element of Claim 5, and therefore infringes Claim 5.

32.     Claim 6 of the '590 patent covers a method of attaching a seal to mobile living quarters having a slide-out room defining an interior space, and having a first sidewall having an exterior side with an opening through first sidewall in which the slide-out room is shifted between open and closed positions.  The slide-out room includes a second sidewall spaced from the first sidewall and an end wall defining interior space within the slide-out room.  The slide out room

6

includes a peripheral flange that overlaps the first sidewall when the slide-out room is in its closed position. The seal includes an elongated mounting portion and an elongated bulb seal portion, Claim 6 includes the following steps:

> a) affixing the mounting portion to the first wall adjacent to the opening using both adhesive and mechanical fasteners;

> b) attaching the bulb seal portion to locate the bulb portion in compressed engagement with and between the first sidewall and the flange when the slide-out room is in its closed position;

> c) sliding the bulb seal along the attached mounting to a selected position; and

> d) maintaining the selected position of the bulb seal portion to the mounting portion by fastening the bulb seal portion to the mounting portion.

Defendant installed the Accused Product according to the steps of Claim 6, and therefore infringes Claim 6.

33. At least one representative, agent, or employee of the Defendant visited an Elkhart, Indiana, Forest River manufacturing plant where RVs are manufactured in or around June 2013. This individual was acting on behalf of the Defendant. While at Forest River, Defendant's representative, agent, or employee assisted with the installation, directed the installation, or directly installed the Accused Product on an RV having a slide-out room. The installation was for the purpose of test fitting the Accused Product on a Forest River RV having a slide-out room and to solicit sales of the Accused Product to Forest River.

34. Defendant was aware Forest River would only use the Accused Product on RVs having slide-out rooms and the RV at Forest River was chosen to have the Accused Product installed upon it because it had a slide-out room.

35. After installing the Accused Product in a Forest River RV, the individual installing the Accused Product attempted to conceal his or her activities by gathering gather all scraps of

the Accused Product left from cutting the same to fit the Forest River RV and removed the scraps from Forest River's facility.

36.     Plaintiff will knowingly continue to engage in infringing behavior unless enjoined by this Court and has made, offered for sale and sold the infringing Accused Product after knowing of the '590 patent.  This case is exceptional within the meaning of 35 U.S.C. § 285.

## COUNT 2: INDUCED INFRINGEMENT OF THE '590 PATENT

37.     Paragraphs 1 through 36 of Plaintiff's Complaint are incorporated in Count 2 of Plaintiff's Complaint as if fully set forth herein.

38.     Defendant, without authorization by Plaintiff, has knowingly induced and continues to induce Forest River Inc. ("Forest River") to infringe at least one claim of the '590 patent in violation of 35 U.S.C. §271(b), by encouraging Defendant's customers, resellers, and distributors, to make, use, offer for sale and sell the Accused Product in combination with RVs having slide-out rooms in the United States.  Defendant knowingly caused Forest River to incorporate the Accused Product into RVs having slide-out rooms and intentionally caused Forest River to commit acts which constituted direct infringement of the '590 patent.  The activities of the Defendant with regard to Forest River constituted induced infringement by the Defendant.

39.     The Accused Product as installed on an RV infringes at least one claim of the '590 patent.

40.     Forest River's making, using, offering for sale and selling of an RV having the Accused Product constitutes infringement.

41.     Defendant knowingly targeted Forest River, to incorporate the Accused Product into RVs with slide-out rooms.  Defendant knew that Forest River would incorporate the Accused Product into an RV having a slide-out room.

42.     Defendant influenced Forest River to include the Accused Product as a component

8

of their RVs, knowing that such combination would fulfill all elements of at least one claim of the '590 patent.  Further, Defendant possessed specific intent to encourage another's infringement by encouraging the use of the Accused Product on RVs with slide-out rooms.

43.     Because employees or representatives or agents of Defendant assisted in the installation, directed the installation the Accused Product at Forest River, Defendant has shown intent to induce infringement of the '590 patent by Forest River.

44.     Defendant's intent to make, use, offer for sale and sell Accused Product was specific for use on RVs having slide-out rooms.  Defendants only solicited sales of Accused Product to Forest River for making RVs with slide-out rooms.

45.     It can be inferred from the Defendant's sales calls, visits, and installation of the Accused Product on RVs with slide-out rooms that Defendant intended the Accused Product be used on RVs with slide-out rooms.

46.     By supplying Forest River with the Accused Product, the Forest River incorporated the Accused Product into an RV and therefore were induced to infringe the '590 patent.

## COUNT 3: CONTRIBUTORY INFRINGEMENT OF THE '590 PATENT

47.     Paragraphs 1 through 46 of this Complaint are incorporated in Count 3 of Plaintiff's Complaint as if fully set forth herein.

48.     Defendant, without authorization by Plaintiff, has and continues to knowingly contribute to infringement by Forest River of at least one claim of the '590 patent in violation of 35 U.S.C. § 271(c), by making, using, offering for sale and selling the Accused Product on RVs with slide-out rooms in the United States.  Such making, using, offering for sale and selling the Accused Product to Forest River the United States with the knowledge that it is especially adapted for infringing constitutes contributory infringement by Defendant.  Defendant knows, for the reasons described above, that the Accused Product is made specifically and adapted for

9

infringing the '590 patent.

49.    The Accused Product as installed on an RV infringes at least one claim of the '590 patent.

50.    Forest River's making, using, offering for sale and selling of an RV having the Accused Product constitutes infringement.

51.    Because employees or representatives or agents of Defendant assisted in the installation, and directed the installation of the Accused product at Forest River, Defendant has shown intent to contribute and contributed to the infringement of the '590 patent by Forest River.

52.    Defendants intended the installation of the Accused Product in in an infringing manner and this is shown by production of Accused Product and sales calls to Forest River, regarding the Accused Product and Defendant's knowledge that Forest River would install the Accused Product on RVs having slide-out rooms.

53.    It can be inferred from the Defendant's sales calls, visits, and installation of Accused Product on RVs with slide-out rooms that Defendant knew the accused product would be used on RVs with slide-out rooms.

54.    Defendant, through its influence and control, knowingly took active steps to contribute to another's infringement by assisting RV manufactures to include the Accused Product in their RVs having slide-out rooms, thereby contributing to others in making infringing products.

55.    Defendant was aware Forest River could only use the Accused Product on RVs having slide-out rooms.

56.    Forest River requested a quote from Defendants on the Accused Product for use on RVs having slide-out rooms.  Further, Forest River only installed the Accused Product on RVs having slide-out rooms.

57.    All components of the Accused Product are not staple articles of commerce

suitable for non-infringing use, at least because the components or assembly of the Accused Product has no use apart from sealing a slide-out room.  Defendant's customers, including Forest River, only intend the Accused Product to be used on their RVs having slide-out rooms.

58.    Forest River was aware of or participated in the aforementioned installation of the Accused Product on the Forest River RV.

## DEMAND FOR JURY  T R I A L

Pursuant to Federal Rules of Civil Procedure 38(b), LTI demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, LTI respectfully prays that this Court enter judgment in its favor:

a)  declaring the '590 patent is directly infringed by Defendant;

b)  declaring the Defendant induced infringement of the '590 patent;

c)  declaring the Defendant has contributorily infringed the '590 patent;

d)  declaring Defendant's infringement of the '590 patent has been willful;

e)  declaring Defendant be preliminarily and permanently enjoined from manufacturing, using, selling and offering to sell the infringing products in the United States prior to the expiration of the '590 patent;

f)  awarding damages adequate to compensate it for Defendant's infringement of the '590 patent including lost profits, but in an amount no less than a reasonable royalty, and that such damages be trebled according to 35 U.S.C. § 284;

g)  awarding all costs and expenses of this action, including reasonable attorneys' fees; and

h)  awarding Plaintiff such further relief as the Court may deem just, necessary, and proper.

S/Michael D. Marston    
Michael D. Marston

Dated:  October 13, 2014

Respectfully submitted,

S/Michael D. Marston   
Michael D. Marston
Botkin & Hall, LLP
Suite 400, Jefferson Centre
106 East Jefferson Blvd.
South Bend, IN 46601-1913
Phone: (574) 234-3900
Facsimile: (574) 236-2839
E-mail mmarston@bhlawyers.net


_____
Mark D. Boveri
Krieg DeVault LLP
4101 Edison Lakes Parkway Suite 100
Mishawaka, IN 46545
Telephone: (574) 485-2007
E-mail mboveri@kdlegal.com
*Attorneys for Plaintiff, Lifetime Industries, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

S/Michael D. Marston
Michael D. Marston