UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LIFETIME INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 3:13-CV-819 RLM |
| | ) |
| TRIM-LOK, INC., | ) |
| | ) |
| Defendant | ) |

OPINION AND ORDER

Defendant Trim-Lok, Inc.'s motion to dismiss the second amended complaint is before the court. For the following reasons, the court grants the motion.

The second amended complaint, like its predecessors, contains claims for direct infringement, induced infringement, and contributory infringement of Lifetime Industries, Inc.'s '590 Patent (U.S. Patent No. 6,966,590) in violation of 35 U.S.C. §§ 271(a), (b), and (c). Trim-Lok moved to dismiss because Lifetime Industries hasn't cured the defects in its prior complaints.

I. STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). But FED. R. CIV. P. 8(a)(2) "demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. at 570); *see also* Morrison v. YTB Int'l, Inc., 649 F.3d 533, 538 (7th Cir. 2011); Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 556); Mann v. Vogel, 707 F.3d 872, 877 (7th Cir. 2013); Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010) ("the plaintiff must give enough details about the subject-matter of the case to present a story that holds together."). "[L]egal conclusions or conclusory allegations that merely recite a claim's elements" are not entitled to any presumption of truth. Munson v. Gaetz, 673 F.3d 630, 632 (7th Cir. 2012). *See also* Ashcroft v. Iqbal, 556 U.S. at 678 ("Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Twombly and Iqbal "require the plaintiff to provid[e] some specific facts to support the legal claims asserted in the compliant." McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011). The plaintiff "must give enough details about the subject-matter of the case to present a story that hold together," and "may elaborate on [its] factual allegation so long as the new elaborations are consistent with the pleadings." Id.

## II. Discussion

Briefly summarized, the second amended complaint alleges that:

(1) LTI owns a patent for a "two-part seal for a slide-out room" on a mobile living quarters ("RV") – U.S. Patent No. 6,966,590 (the "'590 patent"). [Doc. Nos. 32 at ¶¶ 9-11 and 32-1 (Exh. A)].

(2) The LTI seals are marketed under the name EK-Seal and KE-Seal, and "include a mounting portion and a separate bulb portion that is slidably connected to the mounting portion." [Doc. No. 32 at ¶ 13].

(3) Trim-Lok also makes, sells, and offers for sale "a two part seal" (the "Accused Product") specifically for use with an RV with a slide-out room, without authorization by LTI. [Doc. Nos. 32 at ¶¶ 14, 20, 24, 26-27, 34 and 32-2 (Exh. B)].[1]

(4) Trim-Lok "gained knowledge of LTI's patent from at least one former LTI employee (Andrew Busch and/or Daryl Torrey) before June, 2013". [Doc. No. 32 at ¶¶ 17-19].

(5) "In or around June 2013", Trim-Lok infringed on "at least one claim of the '590 patent", in violation of 35 U.S.C. § 271(a), by "making, using, offering

---

[1] The images of the "Accused Product" attached to the second amended complaint as Exhibit B appear to be hand drawings of the seal that Ed Ksiezopolski, a LTI representative, allegedly discovered on one of Forest River's RV's during a visit to Forest River's Elkhart, Indiana manufacturing plant in June 2013. (*See* ¶ 16). In its response to the motion to dismiss, LTI provided actual photos of the seal, "to show what [could] be proven consistent with the Complaint." (*See* Doc. Nos. 37 at p. 3 and 37-1 at p. 2-6).

for sale, and selling" its two-part seal to at least one RV manufacturer, Forest River; "assist[ing] with the installation, direct[ing] the installation, or directly install[ing] [a Trim-Lok seal] on an RV at Forest River"; and "combining the Accused Product with RVs having slide-out rooms", without authorization by LTI. [Doc. No. 32 at ¶¶ 14-15, 20, 24, and 26-33].

(6) Ed Ksiezopolski, a LTI representative, discovered that a the Trim-Lok seal had been installed on one of Forest River's RVs during a visit to Forest River's Elkhart, Indiana manufacturing plant in June 2013. [Doc. No. 32 at ¶ 16].

(7) On July 12, 2013, LTI sent a cease and desist letter notifying Trim-Lok that: it was infringing on LTI's '590 patent by "selling a seal that [was] covered by the '590 patent"; "further sales of the seal [would] constitute willful infringement"; and Trim-Lok was required to immediately discontinue "all infringing product" and to account for "all sales made to date of products practicing the inventions which is the subject of the '590 patent," in order to mitigate further damage. [Doc. Nos. 32 at ¶ 21 and 32-3 (Exh. C)].

(8) Trim-Lok had knowledge of the '590 patent *and* the alleged infringement "at least as early as" its receipt of the cease and desist letter. [Doc. No. 32 at ¶ 21]

(9) Trim-Lok continued to make, offer for sale, and sell the Accused Product after receiving the cease and desist letter. [Doc. No. 32 at ¶ 22].

(10) Trim-Lok "knowingly induced and continues to induce" and "intentionally caused" Forest River to commit acts that directly infringe on the

'590 patent, in violation of 35 U.S.C. § 271(b), when it: (a) "suppl[ied] Forest River with the Accused Product; (b) "encourag[ed]" and "influenced" Forsest River to incorporate the Accused Product as a component in its RVs and to offer to sell or sell the Accused Product "in combination with RVs having slide-out rooms"; (c) "assisted in the installation [or] directed the installation [of] the Accused Product" on a Forest River RV; and (d) "solicited sales of [the] Accused Product to Forest River for making RVs with slide-out rooms." [Doc. No. 32 at ¶¶ 38-46] [Doc. No. 32 at ¶¶ 38-42].

(11) Trim-Lok made and adapted the Accused Product "specifically...for infringing the '590 patent" and, "through its influence and control", knowingly and intentionally contributed, and continues to contribute, to Forest River's infringement of the '590 patent, in violation of 35 U.S.C. § 271(c), by: (1) "making, using, offering for sale and selling the [Trim-Lok seal] to Forest River for inclusion on [its] RVs," and (2) "assist[ing] in the installation and directing the installation of the [Trim-Lok seal]" on a Forest River RV." [Doc. No. 32 at ¶¶ 48-56].

(12) "[The] components of the [Trim-Lok seal] are not staple articles of commerce suitable for non-infringing use...[and] ha[ve] no use apart from sealing a slide-out room." [Doc. No. 32 at ¶ 57].

(13) "Forest River was aware of or participated in the aforementioned installation of the Accused Product on the Forest River RV." [Doc. No. 32 at ¶ 58].[2]

---

[2] The second amended complaint contains several allegations of continuing violations with respect to Trim-Lok's dealings with Forest River and alleges that Trim-Lok also

Trim-Lok moved to dismiss the second amended complaint in its entirely under Fed. R. Civ. P. 12(b)(6), arguing that LTI hasn't: (1) specifically identified which Trim-Lok product(s) allegedly infringe on the '590 Patent; (2) alleged sufficient facts to support a claim against Trim-Lok for direct infringement; or (3) adequately pleaded the scienter requirement for induced or contributory infringement.

A.  *Direct Infringement*

Trim-Lok contends that LTI's claim of direct infringement under 35 U.S.C. § 271(a) doesn't sufficiently identify which Trim-Lok seal was allegedly installed on the Forest River RV, or allege any facts from which direct infringement could be shown or inferred.

Although Trim-Lok's description of the allegedly infringing device in the second amended complaint is less than ideal, it elaborated on those allegations in response to the motion to dismiss by providing photographs of the actual device and attaching a copy of an affidavit that was filed in a related case, *Trim-Lok, Inc. v. Lifetime Industries, Inc.*, Case No. CV13-1141 JAK (C.D. Ca), in which Trim-Lok's Marketing Manager, Dan Whitener, attests that: "He believe[d] all of the documents involved in the sales and marketing of what [he] believed to be the accused product [referenced in LTI's July 12, 2013 cease and desist

---

induced and/or contributed to the infringement of the '590 patent by other RV manufacturers (*see* Doc. No. 32 at ¶¶ 22, 24, 36, 38, 48, and 54). Those allegations are conclusory and unsupported by any factual details, and so "are not entitled to any presumption of truth." Munson v. Gaetz, 673 F.3d 630, 632 (7th Cir. 2012). *See also* Ashcroft v. Iqbal, 556 U.S. at 678 ("Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

order][were] located in Buena Park, California." [Doc. Nos. 37-1 and 37-2 (Exhs. D and E)]. While LTI can't amend its complaint in a response to a motion to dismiss, it "may elaborate on [its] factual allegation so long as the new elaborations are consistent with the pleadings." McCauley v. City of Chicago, 671 F.ed 611, 616 (7th Cir. 2011). The court, accordingly, finds for purposes of the motion to dismiss that the second amended complaint provides a sufficient description of the infringing device to satisfy the notice requirements. But it doesn't state a plausible claim for direct infringement by Trim-Lok.

35 U.S.C. § 271(a) provides that, "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . infringes the patent." To state a plausible claim for direct infringement and survive dismissal, LTI must allege facts which if true, would show that Trim-Lok knew about the '590 patent in June 2013, and knew that it was infringing on that patent when it allegedly made, used, or sold the "patented invention", without LTI's authorization. 35 U.S.C. § 271(a); Aro Mfg. Co. v. Convertible Top Replacement Co., 377 U.S. 476, 483 (1964); McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007). Despite repeated opportunities to amend its claims, it hasn't done so.

The amended complaint alleges that Trim-Lok gained knowledge of the '590 patent from at least one former LTI employee before June 2013. Trim Lok appears to concede in its reply that such knowledge might be imputed to the Trim-Lok "employee, representative, or agent" who assisted in, directed, or installed the seal on the RV at Forest River, but remains steadfast in its assertion

that LTI hasn't alleged any facts from which the court could infer that Trim-Lok "makes, uses, offers to sell, or sells [the] patented invention", as required under 35 U.S.C. § 271(a).

Trim-Lok contends that the "patented invention" in this case is a combination and/or method patent comprised of two components – a seal and a "mobile living quarters with a slide-out room", and that it can't be held liable for direct infringement, if it makes and sells only one of the two components. LTI disagrees, arguing that a determination on what the patent covers is a matter of claim construction to be decided at a later date, and that the complaint, as amended, adequately alleges that "[Trim-Lok's] employees, representatives, or agents assisted with the installation, directed the installation, or directly installed the [Trim-Lok seal] on an RV at Forest River for use with a slide-out room."

LTI appears to confuse liability for direct infringement based upon the sale or offer to sell a patented combination or method, 35 U.S.C. § 271(a), with contributory infringement liability based on an offer to sell a component, material, or apparatus, 35 U.S.C. § 271(c). Formal claim construction isn't required to reach the conclusion that the '590 patent is a combination and/or method patent. *See* <u>In re Bill of Lading Transmission and Processing System Patent Litigation</u>, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (rejecting a similar argument and holding that claim construction wasn't a necessary predicate to determining whether the product had substantial non-infringing uses). The '590 patent (which is attached to and incorporated in the second amended complaint)

contains six claims and clearly states on its face that the invention is a combination of two components – a two-part seal and "a mobile living quarters having a slide-out room". [Doc. No. 32-1]. Claim 1 of the patent states that the seal is used "in combination with a mobile living quarters having a slide-out room"; Claims 2-5 require "[t]he seal and mobile living quarters of claim 1"; and Claim 6 patents "[a] method of attaching a seal to a mobile living quarters having a slide-out room." [Doc. No. 32-1]. LTI concedes the point in paragraphs 26, 39, and 42 of the second amended complaint, when it alleges that: (1) Trim-Lok infringed or induced infringement of the '590 patent "by making, using, offering for sale and selling the Accused Product *on RVs*, or *by combining the Accused Product with RVs* having slide out rooms"; "[t]he Accused Product *as installed on an RV* infringes at least one claim of the '590 patent"; and Trim-Lok induced Forest River to infringe by "includ[ing] the Accused Product *as a component* of their RVs, knowing that *such combination* would fulfill all elements of at least one claim of the '590 patent." [Doc. No. 32].

The complaint, as amended, alleges that Trim-Lok "makes, uses, and sells" only one of the two components the make up the "patented invention" [Doc. No. 32 at ¶ 14]. Liability for direct infringement doesn't attach, and dismissal of the direct infringement claim is appropriate. *See* Aro Mfg. Co. v. Convertible Top Replacement Co., 365 U.S. 336, 340 (1961) (where patent is for a combination only, petitioners' manufacture and sale of one of the components is not a direct infringement under 35 U.S.C. 271(a)); Cimiotti Unhairing Co. v. American Fur

Refining Co., 198 U.S. 399, 410 (1905) ("[N]o one is an infringer of a combination claim unless he uses all the elements thereof.").

### B. *Induced and Contributory Infringement*

Counts 2 and 3 of the second amended complaint assert claims of induced and contributory infringement under 35 U.S.C. §§ 271(b) and (c). To state a claim for induced and contributory infringement, LTI must allege facts plausibly showing that Trim-Lok's employees, representatives, and agents knew that Forest River's actions constituted infringement and specifically intended Forest River to infringe the '590 patent. 35 U.S.C. § 271(b) and (c); Commil USA, LLC v. Cisco Systems, Inc., __ U.S. __, 135 S.Ct. 1920, 1926 (2015); Global-Tech Appliances, Inc. v. SEB S.A., 563 U.S. 754, 763 (2011); Aro Mfg. Co. v. Convertible Top Replacement Co., 377 U.S. 476, 488 (1964); In re Bill of Lading Transmission and Processing System Patent Litigation, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

LTI alleges that Trim-Lok gained knowledge of the '590 patent from at least one of LTI's former employees (Andrew Busch and/or Daryl Torrey) "before June 2013"; that Trim-Lok's employees, representatives, or agents knew that Forest River would be infringing on the '590 patent when they assisted in or directed the installation of a Trim-Lok seal on a Forest River RV; and that intent to induce or contribute to Forest River's acts of infringement can be inferred from Trim-Lok's sales calls, visits, and installation of a Trim-Lok seal on the Forest River RV. [Doc. No. 32 at ¶¶ 38-46 and 48-56].

Trim-Lok contends that LTI's allegations regarding intent are conclusory, unsupported by any facts, and insufficient, and that its claims for induced and contributory infringement should be dismissed. The court agrees.

"In assessing whether it is reasonable to infer intent from statements or conduct, the Supreme Court recently made clear that a court must assess the facts in the context in which they occurred and from the standpoint of the speakers and listeners within that context." In re Bill of Lading Transmission and Processing System Patent Litigation, 681 F.3d 1323, 1340 (Fed. Cir. 2012) (citing Matrixx Initiatives, Inc. v. Siracusano, 131 S.Ct. 1309, 1324-25 (2011) (holding that plaintiffs adequately plead intent because the allegations, taken collectively and in context, gave rise to an "inference that [the defendant] elected not to disclose the reports of adverse events not because it believed they were meaningless but because it understood their likely effect on the market.")).

LTI hasn't alleged any facts from which intent could be inferred in this case. It simply concludes that Trim-Lok acted "knowingly" and "intentionally". LTI alleges that Trim-Lok had knowledge of the '590 patent *and* the alleged infringement "at least as early as" its receipt of the cease and desist letter [Doc. No. 32 at ¶ 21], but that occurred in July 2013, well after the infringing acts alleged in the complaint. Bare legal conclusions of intent aren't entitled to a presumption of truth, Munson v. Gaetz, 673 F.3d 630, 632 (7th Cir. 2012). *See also* Ashcroft v. Iqbal, 556 U.S. at 678, and don't state a plausible claim for which relief can be granted under 35 U.S.C. 271(b) or (c).

Accordingly, Trim-Lok's motion to dismiss the second amended complaint [Doc. No. 34] is GRANTED, and the motions for ruling [Doc. Nos. 39 and 40] are DENIED as moot.

SO ORDERED.

ENTERED:  September 30, 2016

  /s/ Robert L. Miller, Jr.
Judge
United States District Court